# IN THE COURT OF APPEALS OF IOWA

No. 22-1179
Filed September 21, 2022

**IN THE INTEREST OF C.E. and S.E.,**
**Minor Children,**

**L.E., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne

Mefford, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant mother.

Thomas J. Miller, Attorney General, and Erin E. Mayfield, Assistant Attorney

General, for appellee State.

Rebecca L. Petig, Grinnell, attorney and guardian ad litem for minor

children.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

The juvenile court terminated a mother's parental rights to her two children pursuant to Iowa Code section 232.116(1)(h) (2022). The juvenile court also terminated the rights of the children's respective fathers. Only the mother appeals.

We begin our discussion by noting that the mother makes a passing claim that the Iowa Department of Human Services (DHS) did not make reasonable efforts towards reunification in the six months prior to the termination hearing. We do not address this claim for two reasons. First, she has failed to adequately develop a supporting argument for our review. *See, e.g.*, *In re S.D.*, No. 22-1141, 2022 WL 3906757, at *1 n.1 (Iowa Ct. App. Aug. 31, 2022) (declining to address a mother's claim because it was not adequately developed); *In re J.H.*, No. 20-1450, 2021 WL 377460, at *4 (Iowa Ct. App. Feb. 3, 2021) ("We note the mother's failure to advance arguments in support of this issue constitutes waiver of the issue."). Second, parents challenging reasonable efforts must alert the court of the purported lack of reasonable efforts prior to the termination hearing. *In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021).

> This requirement allows the court to take corrective action early on so that the case does not languish on and permanency can be reached within a reasonable time for the children. Doing so obviates the need for additional time to address service deficiencies only identified at the termination hearing when a family is on the precipice of termination. So we will only determine whether previously identified alleged service deficiencies remain and require additional time to address.

*Id.*

Here, the mother requested "the maximum amount of visitation" at a July 2021 dispositional review and permanency hearing in the child-in-need-of-

assistance proceeding, and the court ordered DHS to "provide the mother and her attorney a checklist of the expectations expected of the mother." Following that hearing, the mother brought no other alleged deficiency to the court's attention until the termination hearing. So her claim that the DHS failed to provide reasonable efforts in the six months leading up to the March 30, 2022 termination hearing is not preserved for our review. Moreover, we note the mother makes a generalized reasonable-efforts claim and does not explain what services she should have received in the six months prior to the termination hearing "or how they would have fostered reunification." *See In re S.V.*, No. 22-0283, 2022 WL 1236963, at *1 n.2 (Iowa Ct. App. Apr. 27, 2022). So, even if her claim was properly before us, we cannot provide her with relief. *See id.*

We now turn to the issues that are properly before us. In reviewing those issues, we engage in de novo review. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Such review follows a three-step process that involves determining if statutory grounds for termination have been established, if termination is in the children's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). The mother challenges the statutory ground authorizing termination and claims termination is not in the children's best interests because their parent-child bonds should preclude termination.

We first address the mother's challenge to the statutory grounds. The court terminated under section 232.116(1)(h). Under this ground, termination requires proof that (1) the child is three years of age or younger; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the

physical custody of the child's parents for at least six of the last twelve months; and (4) the child cannot be safely returned to the custody of the child's parents at the time of the termination hearing. Iowa Code § 232.116(1)(h); *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting the use of the phrase "at the present time" in section 232.116(1)(h)(4) to mean at the time of the termination hearing). The mother limits her challenge to the fourth element.

The juvenile court found the children could not be returned to the mother because they would be subject "to adjudicatory harm as defined in Iowa Code section 232.2(6)(o) and (p)."[1] Section 232.2(6)(o) relates to a child who has an illegal drug present in their body "as a direct and foreseeable consequence of the acts or omissions of the child's parent . . . ." Section 232.2(6)(p) relates to a child "whose parent . . . does any of the following: *unlawfully possesses*, manufactures, cultivates, or distributes a dangerous substance in the presence of the child" among a number of other drug-related concerns. (Emphasis added.) The mother contends the children would not have suffered harm as defined by these paragraphs because there was no evidence she possessed drugs, possessed drugs with the intent to deliver, or manufactured drugs.

We disagree with the mother's characterization of the evidence. The mother admitted she began using methamphetamine in 2017. She was convicted of a drug-related offense in 2018 when an officer found methamphetamine in her purse. In January 2021, the youngest child tested positive for methamphetamine at birth due to the mother's drug usage, which initiated the DHS's current

---

[1] The children were adjudicated as children in need of assistance pursuant to section 232.2(6)(o) and (p) (2021).

involvement with this family. Then the mother tested positive for methamphetamine and amphetamines the following September and December. The mother also missed multiple drug screens between November and December, which we presume would have been positive for illegal substances. *See In re B.C.-S.*, No. 21-1817, 2022 WL 946994, at *1 (Iowa Ct. App. Mar. 30, 2022). From this evidence, we conclude the mother has unresolved methamphetamine problems that prevent the children from being returned to her care. *See id.* at *2 ("Methamphetamine use by the parent constitutes sufficient risk of harm."); *In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) ("A parent's methamphetamine use, in itself, creates a dangerous environment for children."). So the statutory ground authorizing termination is satisfied.

Next, the mother conflates our best-interests analysis with whether we should apply an exception to termination. So we address them in tandem. The mother insinuates that termination is not in the children's best interests because they share close bonds with her.[2] We may forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]." Iowa Code § 232.116(3)(c). However, this exception is permissive, not mandatory, and the burden of establishing such relationship rests with the parent resisting termination. *See A.S.*, 906 N.W.2d at 475–76. The mother has not done so here. We concede

---

[2] When making a best-interest determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

a social worker testified to a bond between the mother and the children. Yet the mere "existence of a bond is not enough." *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). Instead the bond must be so significant that severing it would be manifestly detrimental to the child. *Id.* Such bonds do not exist here. Accordingly, we do not apply this exception to preclude termination. Instead, we conclude termination is in the children's best interests.

**AFFIRMED.**